**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000061**
**28-SEP-2012**
**08:24 AM**

CAAP-12-0000061


IN THE INTERMEDIATE COURT OF APPEALS


OF THE STATE OF HAWAIʻI


DANA NAONE HALL, Plaintiff-Appellant,
v.
DEPARTMENT OF LAND AND NATURAL RESOURCES,
BOARD OF LAND AND NATURAL RESOURCES, WILLIAM J. AILA,
JR. in his official capacity as chairperson of the
Board of Land and Natural Resources and as the State
Historic Preservation Officer, PUAALAOKALANI AIU
in her official capacity as administrator of the State
Historic Preservation Division, DEPARTMENT OF HEALTH,
LORETTA J. FUDDY in her official capacity as the director
of the Department of Health, ALVIN T. ONAKA in his official
capacity as State Registrar of Vital Statistics and
Chief of the Department of Health's Office of Health
Status Monitoring, KAWAIAHAʻO CHURCH, FRANK PESTANA
in his official capacity as the Chair of the Board of
Trustees and Chair of the Board of Directors of
Kawaiahaʻo Church, John Does 1-10, Jane Does 1-10, and
Doe Partnerships, Corporations, Trusts, Governmental
Units or Other Entities 3-20, Defendants-Appellees.


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 09-1-1828-08)


ORDER GRANTING PLAINTIFF-APPELLANT'S SECOND
MOTION FOR PRELIMINARY INJUNCTION PENDING APPEAL
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)


On September 5, 2012, Plaintiff-Appellant Dana Naone
Hall (Hall) filed a "Second Motion for Injunctive Relief Pending

Appeal."  Hall requests that "the disinterment of any and all iwi from Kawaiahaʻo Church grounds be enjoined and that all construction activities related to Kawaiahaʻo Church's multipurpose center (MPC) project be enjoined during the course of this appeal."  Hall argues that three significant developments have occurred since this court denied her first request for injunctive relief pending appeal: (1) "the Hawaiʻi Supreme Court announced its landmark decision construing the historic preservation review process in Kaleikini v. Yoshioka, SCAP-11-0000611 (August 24, 2012), which now compels reversal of the circuit court's decision"; (2) Hall filed a request for an injunction pending appeal in the circuit court, which was denied; and (3) the number of burials unearthed has "mushroomed to nearly six hundred."  In her motion, Hall acknowledges that a motion for reconsideration was filed in Kaleikini on September 4, 2012, and thus "[i]t may be prudent" for this court to await the Hawaiʻi Supreme Court's disposition of the reconsideration motion before rendering a decision on her motion in this case.  On September 27, 2012, the Hawaiʻi Supreme Court denied the motion for reconsideration in Kaleikini.

On September 12, 2012, Defendants-Appellees Kawaiahaʻo Church and Frank Pestana (Pestana), in his official capacity as the Chair of the Board of Trustees and Board of Directors of Kawaiahaʻo Church (collectively, "Kawaiahaʻo Church"), filed a memorandum in opposition to Hall's second motion for injunctive relief pending appeal.  On September 27, 2012, the remaining Defendants-Appellees filed a joinder in that opposition.

As explained below, based on the Hawaiʻi Supreme Court's recent decision in Kaleikini, we grant Hall's motion to the extent that it requests that the disinterment of iwi from Kawaiahaʻo Church grounds related to the MPC project be enjoined and that all construction activities related to Kawaiahaʻo Church's MPC project that could result in the disinterment of iwi be enjoined during the course of this appeal.

2

I.

On August 6, 2009, Hall filed a complaint seeking declaratory and injunctive relief in the Circuit Court of the First Circuit (Circuit Court).[1] Central to Hall's lawsuit was her claim that an Archeological Inventory Survey (AIS) was required for the MPC project and that an AIS must be prepared before the project could go forward. On November 12, 2010, Hall filed a motion for preliminary injunction to enjoin continued excavation by Kawaiahaʻo Church on the MPC project. On October 11, 2011, the Circuit Court filed its order denying the motion. On December 2, 2011, all parties filed motions for summary judgment. The Circuit Court granted the motions for summary judgment filed by Defendants-Appellees,[2] and it entered its final judgment against Hall and in favor of Defendants on January 31, 2012.

On January 31, 2012, Hall filed her notice of appeal, and on February 1, 2012, Hall filed a "Motion for Injunctive Relief Pending Appeal." On March 9, 2012, this court denied Hall's motion for injunctive relief pending appeal. On March 16, 2012, Hall filed an application to transfer her appeal to the Hawaiʻi Supreme Court. On April 25, 2012, the supreme court denied Hall's application for transfer. On April 2, 2012, Hall filed a motion for injunction pending appeal in the Circuit Court, which was denied on May 15, 2012.

On August 24, 2012, the Hawaiʻi Supreme Court issued its decision in Kaleikini v. Yoshioka, 128 Hawaiʻi 53, 283 P.3d

---

[1] The Honorable Karl K. Sakamoto presided.

[2] In addition to Kawaiahaʻo Church, the Defendant-Appellees are the Department of Land and Natural Resources (DLNR); the Board of Land and Natural Resources (BLNR); the Department of Health (DOH); and the following State of Hawaiʻi (State) officials sued in their official capacities: Chairperson of the BLNR and State Historic Preservation Officer, the Administrator of the State Historic Preservation Division (SHPD), the Director of the DOH, and the State Registrar of Vital Statistics and Chief of the DOH's Office of Health Status Monitoring (collectively, the "State Defendants"). We will collectively refer to Kawaiahaʻo Church and the State Defendants as the "Defendants."

3

60 (2012). On September 5, 2012, Hall filed the instant second motion for injunctive relief pending appeal.

## II.

Hawai'i Rules of Appellate Procedure (HRAP) Rule 8 (2010) provides for a motion for an injunction during the pendency of an appeal, which shall "show the reasons for the relief requested and the facts relied upon . . . ." The standard for a preliminary injunction is: (1) whether the moving party has shown that it is likely to succeed on the merits; (2) whether the balance of irreparable harms favors the issuance of an injunction; and (3) whether the public interest supports granting such an injunction. Office of Hawaiian Affairs v. Housing and Community Development, 117 Hawai'i 174, 211, 177 P.3d 884, 921 (2008).

> It appears . . . that a stronger showing on the merits may be required when a party seeks an injunction pending appeal. See, e.g., Life of the Land, Inc. v. City Council of the City and County of Honolulu, 60 Haw. 446, 447, 592 P.2d 26, 27 (1979) ("In order for an appellant to obtain an injunction pending appeal, there must be a showing that he is threatened with irreparable injury and that there is **substantial likelihood** that he will prevail on the merits of his appeal.") (emphasis added); Life of the Land v. Ariyoshi, 59 Haw. 156, 165, 577 P.2d 1116, 1122 (1978) (holding that appellant had failed to establish a prima facie case on the merits, "much less a showing of substantial likelihood of success"); MDG Supply, Inc. v. Diversified Inv., Inc., 51 Haw. 480, 482, 463 P.2d 530, 532 (1969) ("[T]here must be a showing that appellant is threatened with irreparable injury and that there is great likelihood, approaching near certainty, that he will prevail.") (citations omitted).

Stop Rail Now v. De Costa, 120 Hawai'i 238, 243-44, 203 P.3d 658, 663-64 (App. 2008).

The three elements for an injunction should be considered together. Thus, "if a court is able to conclude that a prima facie case has been made in support of the movant's position on the merits of a case, the weight attached to the various elements may vary, and a strong showing of irreparable harm may reduce the weight given to any lack of likelihood of success on the merits." Id. at 244, 203 P.3d at 664. Similarly, "[a] strong showing on the merits may reduce, but not eliminate,

4

the moving party's burden on the issues of irreparable harm and public interest."  Id.

## III.

We conclude that Hall has shown a substantial likelihood of success on the merits.  In its recent decision in Kaleikini, the Hawaiʻi Supreme Court held that the rules applicable to Hawaiʻi's Historic Preservation law, HRS Chapter 6E, require a sequential review process that does not appear to have been followed in this case.

HRS § 6E-42 (2009) requires a review and comment process for "any project involving a permit, license, certificate, land use change, subdivision, or other entitlement for use, which may affect history property . . . or a burial site[.]"  (Emphasis added.)  The details of this process are governed by Hawaiʻi Administrative Rules (HAR) Chapter 13-284. Under this regulatory regime, prior to the issuance of any permit, the State Historic Preservation Division (SHPD) of the Department of Land and Natural Resources (DLNR) must be consulted "to determine if the area for the project needs to undergo an inventory survey to determine if historic properties are present."  HAR § 13-284-5(b).  As the supreme court stated in Kaleikinki, the SHPD may respond in one of three ways:

> (1) by determining that no historic properties are present;
> (2) by determining that an adequate survey exists and that historic properties are present, which allows the agency to proceed in the next step in the review process, i.e., evaluation of the significance of the historic properties; or (3) by concluding that an [AIS] needs to be done . . . .

Kaleikini, 128 Hawaiʻi at 74, 283 P.3d at 81 (discussing nearly identical rule in HAR § 13-275-5(b) (internal quotation marks and brackets omitted).  It appears to be undisputed that neither of the first two alternative determinations was made in this case. Therefore, it appears that the completion of an AIS was a necessary first step.  Based on Kaleikini, there is a substantial likelihood that we will conclude that the SHPD should have required Kawaiahaʻo Church to complete an AIS before State approval of the MPC project and that the SHPD violated its own

5

rules in failing to require an AIS before permitting the project to go forward.

We also conclude that Hall has made a sufficient showing that the balance of irreparable harms and the public interest supports the granting of an injunction pending the completion of this appeal. Kawaiahaʻo Church does not contest Hall's assertion that ongoing work on the MPC project may result in the disinterment of additional human remains. Moreover, in enacting protection for human skeletal remains and burial sites within the State, regardless of race, religion, or cultural origin, the Legislature has emphasized the vital public interest "in the proper disposition of bodies of its deceased persons, which is in the nature of a sacred trust for the benefit of all . . . ." 1990 Haw. Sess. Laws Act 306, §1 at 956.

We emphasize that we are only granting an injunction pending the completion of this appeal.[3] Once the appeal is concluded, our injunction will expire and Hall will have to seek further relief in the Circuit Court.

IV.

We grant Hall's Second Motion for Injunctive Relief Pending Appeal as follows:

IT IS HEREBY ORDERED that pending the completion of this appeal as established by the effective date of this court's judgment on appeal: (1) Kawaiahaʻo Church is enjoined from the disinterment of human skeletal remains or iwi from Kawaiahaʻo Church grounds that are related to the MPC project; and (2) Kawaiahaʻo Church is enjoined from all construction activities

---

[3] Under HRAP Rule 36(c) (2012), this court's judgment on appeal is not effective until: (1) the thirty-first day after entry or the expiration of an extension to file an application for a writ of certiorari with the Hawaiʻi Supreme Court, if no application for writ of certiorari is filed; or (2) the entry of the supreme court's order rejecting the application for certiorari or the entry of the supreme court's order or other disposition affirming in whole the judgment of this court, if an application for certiorari is filed.

6

related to its MPC project that could result in the disinterment of human skeletal remains or iwi.

DATED: Honolulu, Hawaiʻi, September 28, 2012.

Chief Judge

Associate Judge

Associate Judge